**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELLE FOWLER,

Plaintiff,

v. Case No. 12-CV-15286
Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________________/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [#19]**
**and**
**REMANDING ACTION**

This matter is before the Court on Magistrate Judge Mark Randon's Report and Recommendation. **[Docket No. 19, filed October 30, 2013]** Defendant filed Objections to the Report and Recommendation on November 27, 2013. **[Docket No. 22]** Plaintiff filed a Response to Defendant's Objections on December 16, 2013. **[Docket No. 24]**

## I. STANDARD

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility

findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

**II. ANALYSIS**

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. This Court agrees with the Magistrate Judge that because the ALJ failed to consider the opinion of Plaintiff's treating physician (Dr. Paul LaClair) regarding Plaintiff's need to be absent from work, remand is required. The ALJ correctly determined that Dr. LaClair's records—as they pertained to opinions on Plaintiff's residual functional capacity —were not entitled to any particular weight. *See Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505 (6th Cir. 2013). However, the Court agrees with the Magistrate Judge that the treating physician's finding that Plaintiff would frequently

miss work during episodic flare-ups was an important factor to consider when giving hypotheticals to the vocational expert and to address in the ALJ's final analysis.

Remand is appropriate in this case under sentence four of 42 U.S.C. § 405(g) because the ALJ failed to apply the appropriate standards in denying disability benefits by not giving the correct weight to the findings of Plaintiff's treating physician regarding Plaintiff's need to be absent from work. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100.

Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision. *Id*. at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the

matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan*, 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer*, 509 U.S. 292, 299 (1993). A sentence four remand is appropriate.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mark A. Randon **[Docket No. 19, filed October 30, 2013]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 11, filed April 23, 2013]** is **GRANTED** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motions for Summary Judgment **[Doc. No. 17, filed August 9, 2013]** is **DENIED**. The Commissioner's decision is **REVERSED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with what is stated above.

**IT IS FURTHER ORDERED** that this action is designated **CLOSED** for purposes of this Court's docket.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager