UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE FOWLER,

              Plaintiff,                CIVIL ACTION NO. 12-cv-15286

      v.                        DISTRICT JUDGE DENISE PAGE HOOD

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

              Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Michelle Fowler filed this action seeking judicial review of Defendant's decision denying her application for Social Security benefits under 42 U.S.C. § 405(g).  (Docket no. 1.) The Court remanded the matter for further administrative proceedings.  (Docket no. 26.)  Before the Court is Plaintiff's Application for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (Docket no. 28.)  Defendant filed a Response to Plaintiff's Application (docket no. 30); Plaintiff filed a Reply to Defendant's Response and, subsequently, a Supplemental Brief (docket nos. 32 and 34).  Also before the Court is a Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's appellate counsel, James R. Rinck.  (Docket no. 35.)  Defendant responded to Plaintiff's counsel's Motion (docket no. 36), and Plaintiff's counsel has since filed three supplemental pleadings (docket nos. 37, 38, and 40).  The aforementioned matters have been referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(3) and 636(b)(1)(B).  (Docket nos. 33 and 39.)  Because this is a post-judgment matter, the undersigned must proceed by Report and Recommendation.  The undersigned has

reviewed the pleadings, dispenses with a hearing, and issues this Report and Recommendation pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I.   RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Application for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (docket no. 28) be DENIED, Plaintiff's counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b) (docket no. 35) be GRANTED, and Mr. Rinck be awarded $184.23 in attorney fees pursuant to 42 U.S.C. § 406(b) with the opportunity to petition for additional § 406(b) funds should they become available.

## II.   REPORT

### A.   Procedural History

Plaintiff protectively filed Title II and Title XVI applications for a period of disability, disability insurance benefits, and supplemental security income on March 18, 2010, alleging disability beginning February 20, 2010 due to hip dysplasia, back injury, anxiety, arthritis, and degenerative disc disease.  (TR 109-19, 131, 135.)  The Social Security Administration denied benefits, and Plaintiff filed a timely request for a *de novo* hearing.  (TR 58-67, 74-75.)  On July 21, 2011, Plaintiff appeared with counsel in Mount Pleasant, Michigan, and testified at a hearing held by Administrative Law Judge (ALJ) Mark B. Greenberg.  (TR 26-43.)  Vocational Expert (VE) David Holwerda also appeared and testified at the hearing.  (TR 44-56.)  In an August 3, 2011 decision, the ALJ found that Plaintiff had not been under a disability within the meaning of the Social Security Act from February 20, 2010, the alleged onset date, through August 3, 2011, the date of the decision.  (TR 10-20.)  The Appeals Council declined to review the ALJ's decision (TR 1-5), and Plaintiff filed a timely complaint for judicial review.

2

Plaintiff then filed a Motion for Summary Judgment (docket no. 11), and Defendant filed a cross Motion for Summary Judgment (docket no. 17). On October 30, 2013, Magistrate Judge Mark A. Randon recommended that the matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Docket no. 19.) The Court adopted the Report and Recommendation over Defendant's objections on March 31, 2014. (Docket no. 26.) Plaintiff's appellate counsel now seeks $6,899.81 in fees under the EAJA (docket nos. 28 and 32) and $184.23 in fees under 42 U.S.C. § 406(b) with the opportunity to petition for additional 406(b) funds if they become available in the future (docket nos. 35 and 40).

**B.    Discussion**

*1.    EAJA Fees*

The EAJA provides that a court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the court finds that the position of the government was substantially justified or that special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Act also provides that the attorney fees awarded may not be at a rate of more than $125 per hour, unless the court determines that an increase in the cost of living, or some other special factor, justifies a higher fee. § 2412(d)(2)(A). The parties do not dispute that Plaintiff timely filed her Application for Attorneys Fees in accordance with § 2412(d)(1)(B) or that Plaintiff is a prevailing party under § 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993). Defendant does contend, however, that the government's position in this matter was substantially justified and that even if an award of fees is appropriate, Plaintiff's requested fees are excessive. (Docket no. 30.)

3

The proper standard for determining whether the government's position was substantially justified is "whether the [g]overnment's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government bears the burden of making such a showing. *Scarborough v. Principi*, 541 U.S. 401, 416 (2004). "The fact that th[e] court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984); *see also Anderson v. Comm'r of Soc. Sec.*, No. 98–6284, 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999) [198 F.3d 244 (Table)] (unpublished per curium) ("[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'"). Likewise, "a position can be justified even though it is not correct." *Pierce*, 487 U.S. at 556 n.2.

Plaintiff filed a Motion for Summary Judgment in the instant action on April 23, 2013, alleging that the ALJ committed reversible error by (1) "adopting the opinion of a non-examining physician instead of the opinion of Plaintiff's treating physician and by using improper boilerplate language in assessing Plaintiff's RFC;" (2) making an improper credibility determination; and (3) "not finding a sufficient number of jobs that Plaintiff could perform." (Docket no. 11 at 17.) Most relevant here are the parties arguments regarding the ALJ's assessment of the opinions of Plaintiff's treating physician, Dr. Paul LaClair, M.D. In her Motion, Plaintiff generally argues that the ALJ committed a "clear violation of law" by adopting a non-examining physician's opinion over that of Dr. LaClair where the non-examining

4

physician had not seen Plaintiff's most recent treatment records from Dr. LaClair. (*Id*. at 17-19.) Plaintiff did not further elaborate on this particular argument in her brief, other than to cite case law regarding the treating physician rule and the proper standard under which ALJs must evaluate opinion evidence from treating physicians. (*Id*.) Notably, in making this argument, Plaintiff did not cite to the record or to the ALJ's decision, did not articulate the name of the non-examining physician whose opinion the ALJ allegedly adopted in error, did not discuss either Dr. LaClair's or the non-examining physician's opinions, and did not explain with any specificity how the ALJ's assessment of Dr. LaClair's opinion or the non-examining physician's opinion violated the treating physician rule.

In defense of the ALJ's decision, Defendant filed a cross Motion for Summary Judgment and addressed each of Plaintiff's allegations of error. (Docket no. 17.) With regard to the ALJ's assessment of Dr. LaClair's opinions, Defendant asserted that while Dr. LaClair's opinions that Plaintiff "was 'disabled' or the like" were matters reserved to the Commissioner, they were consistent with the ALJ's determination that Plaintiff could not perform her past relevant work, but they did not speak to whether there was other work in the national economy that Plaintiff could perform. (*Id*. at 9-10.) Defendant also argued that the ALJ did provide good reasons for not fully adopting Dr. LaClair's opinion, but even if those reasons were insufficient, any error would be harmless because the ALJ credited Dr. LaClair's opinion of Plaintiff's functional limitations in an alternative finding. (*Id*. at 10-11 (citing TR 17, 19).) According to Defendant, the ALJ cited to and read Dr. LaClair's most recent statement of Plaintiff's limitations at the administrative hearing and asked the VE whether there would be work available in significant numbers for a hypothetical individual with those limitations; the VE responded in the affirmative. (*Id*. (citing TR 48-49).)

Plaintiff responded to Defendant's Motion for Summary Judgment, and, for the first time, alleged that the ALJ failed to consider one of Dr. LaClair's opinions – that Plaintiff would experience periodic exacerbations of her condition, which would be disabling for a significant period thereafter. (Docket no. 18 at 2.) Specifically, on May 6, 2010, Dr. LaClair opined, "Patient will need to be off work for neck, arm & back pain flareups" occurring "3 times per 3 week(s) 3 month(s)" lasting "21 day(s) per episode." (TR 670.) After considering the parties' motions, Magistrate Judge Randon found that the ALJ's credibility assessment and the ALJ's determination that Plaintiff could perform jobs existing in significant numbers were supported by substantial evidence. (Docket no. 19 at 13, 15.) Judge Randon also found that any error committed by the ALJ by adopting the non-examining physician's opinion over Dr. LaClair's findings was harmless because Dr. LaClair's opinions on issues reserved to the Commissioner were not entitled to any particular weight, and the ALJ based his fourth hypothetical question on Dr. LaClair's opinion of Plaintiff's functional limitations. (*Id.* at 10.) Nevertheless, Judge Randon found that remand was appropriate because the ALJ failed to consider Dr. LaClair's opinion that Plaintiff would miss work due to episodic flare-ups of her condition, which is the same opinion that Plaintiff first alluded to in her Response brief. (*Id.* at 1, 10-11, 15-16.)

Defendant objected to Judge Randon's Report and Recommendation on the basis that Dr. LaClair's opinion was not a medical opinion, rather, it was a mere restatement of Dr. LaClair's repeated statements that Plaintiff could not work at all, which constituted an opinion on a matter reserved to the Commissioner. (Docket no. 22 at 1-2.) Defendant further contended that the ALJ acknowledged Dr. LaClair's opinions on the reserved matter and explained the consideration he gave to Dr. LaClair's opinions in accordance with *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505 (6th Cir. Oct. 15, 2013) by concluding that the functional limitations

assessed by Dr. LaClair were unwarranted by the medical evidence.  (*Id*. at 2-4.)  In response, Plaintiff asserted that Judge Randon's recommendation on this particular issue was correct because Dr. LaClair's opinion was not an issue reserved to the Commissioner, but rather an assessment of Plaintiff's residual functional capacity.  (Docket no. 24 at 3.)  District Judge Denise Page Hood agreed with Magistrate Judge Randon's conclusion that Dr. LaClair's finding that Plaintiff would frequently miss work during episodic flare-ups was an important factor that the ALJ should have considered in his analysis and in questioning the VE, and she adopted Magistrate Judge Randon's Report and Recommendation in full.  (Docket no. 26.)

Here, with regard to the instant application for EAJA fees and costs, the relevant inquiry is whether it was reasonable for the Commissioner to defend the ALJ's denial of benefits, even though the ALJ failed to address Dr. LaClair's opinion that Plaintiff would need to be off work during the frequent episodic flare-ups of her condition.  *See Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012).  Defendant argues that her position was substantially justified for several reasons.  First, Defendant argues that she prevailed on the bulk of the issues set forth by Plaintiff, including the ALJ's credibility determination, the ALJ's finding that the VE identified a significant number of jobs in the national economy that Plaintiff could perform, and the ALJ's adoption of the non-examining physician's opinion over that of Dr. LaClair.  (Docket no. 30 at 2-3.)  Next, Defendant asserts that in remanding this matter, the Court did not find that the Commissioner's ultimate denial of disability was incorrect, only that further analysis of Dr. LaClair's opinions was necessary before making a final determination.  (*Id*. at 4-5.)

Defendant also argues that the ALJ did not completely ignore or mischaracterize Dr. LaClair's opinion but only failed to explain why he did not accept a portion of Dr. LaClair's opinion.  (*Id*. at 5-6.)  Defendant further argues that even though the Court did not accept her

7

argument that Dr. LaClair's opinion that Plaintiff could not work for 21 days during each episodic flare-up was essentially a restatement of Dr. LaClair's opinion that Plaintiff could not work at all and an opinion reserved to the Commissioner, her argument did not lack a reasonable basis in fact and law.  (*Id*. at 6-7.)  Finally, Defendant argues that this case is analogous to *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723 (6th Cir. 2014), in which the court held "that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification."  (Docket no. 30 at 7-8 (citing *DeLong*, 748 F.3d at 727).)

Plaintiff argues that Defendant's position was not substantially justified because the ALJ made a substantial error, the Court appropriately remanded this matter, and "Defendant's post-hearing attempts to justify a defective decision are nothing more than that."  (Docket no. 32 at 3-6.)    In making this argument, Plaintiff seemingly alleges that the ALJ chose the parts of Dr. LaClair's opinion that he wanted to follow and discarded the remainder of Dr. LaClair's opinion without a clear and reasoned analysis.  (*Id*. at 5.)  Additionally, in one of her supplemental pleadings, Plaintiff asserts that the Sixth Circuit's recent decision in *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494 (6th Cir. 2014), in which the court held that the district court erred by finding that the government's position was substantially justified because the plaintiff did not succeed on all of her claims, reinforces her earlier arguments that her application for attorney's fees should be granted.  (Docket no. 34 at 1-2.)

The instant matter is not one in which the ALJ completely ignored the opinions of Plaintiff's treating physician.  In fact, the ALJ evaluated several aspects of Dr. LaClair's opinion, including Plaintiff's functional limitations and Plaintiff's purported inability to work.  (TR 17-18.)  Also, the ALJ presented Dr. LaClair's functional limitations to the VE in a hypothetical

question, and the VE found that someone with those limitations would be able to perform a significant number of jobs in the national economy.  (TR 48-49, 19.)  Rather, this is a case where the ALJ committed a single error by failing to discuss one portion of Dr. LaClair's opinion. Notably, Plaintiff did not raise this particular claim of error in her Motion for Summary Judgment; she raised it in her response to Defendant's Motion for Summary Judgment.  And Defendant, through her Motion for Summary Judgment, successfully challenged all of the claims Plaintiff initially raised in her Motion, as the Court did not find reversible error on the basis of those claims.  Accordingly, Defendant's position in defending the ALJ's denial of benefits, at least against the challenges pursued by Plaintiff and her counsel in her Motion for Summary Judgment, was not only reasonable, it was correct.  *See Dorrough v. Comm'r of Soc. Sec.*, No. 11-12447, 2013 WL 2048445, at *1 (E.D. Mich. May 14, 2013); *Byberg v. Comm'r of Soc. Sec.*, No. 12-10158, 2014 WL 1513419, at *3 (E.D. Mich. Apr. 16, 2014).

Defendant did not defend against the claim of error for which this case was ultimately remanded until after the Report and Recommendation was issued.  Defendant objected to the Report and Recommendation on the basis that Dr. LaClair's opinion was not a medical opinion but that it was a mere restatement of Dr. LaClair's repeated statements that Plaintiff could not work at all, which constituted an opinion on a matter reserved to the Commissioner.  (Docket no. 22 at 1-2.)  Indeed, Dr. LaClair's statement that the ALJ evaluated and found to be an opinion on an issue reserved to the Commissioner, the assessment of which was upheld by the Court, is substantially similar to Dr. LaClair's statement for which this matter was ultimately remanded. (*See* TR 17 (citing TR 676); *compare* TR 670.)  Defendant further contended that the ALJ acknowledged Dr. LaClair's opinions on the reserved matter and explained the consideration he gave to Dr. LaClair's opinions in accordance with *Johnson*, 535 F. App'x at 505, by concluding

that the functional limitations assessed by Dr. LaClair were unwarranted by the medical evidence.  (Docket no. 22 at 2-4.)  Defendant's argument was not frivolously made; instead, Defendant set forth a formidable argument in which she logically analyzed the facts of this matter to relevant case law.  Even though the Court did not agree with Defendant's position, the undersigned finds that Defendant's position was reasonably grounded in fact and in law, and Defendant was substantially justified in defending the ALJ's denial of benefits.  Accordingly, it is recommended that Plaintiff's application for attorney fees and costs under the EAJA be denied.[1]

### 2.    42 U.S.C. § 406(b) Fees

Next, the Court will consider the Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's appellate counsel, Mr. Rinck.  (Docket no. 35.)  Under 42 U.S.C. § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Sixth Circuit has held that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal.  For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court."  *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).  "[E]ach tribunal may award fees only for the work done before it. . . . [I]n cases where the court

---

[1] Because the undersigned recommends denying Plaintiff's application for EAJA fees on the basis that Defendant's position was substantially justified, it is unnecessary to discuss the reasonableness of the requested fees.

remands the case back to the Secretary for further proceedings, the court will set the fee–limited to 25 percent of past-due benefits–for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id*.

In his Motion, Mr. Rinck explains that Plaintiff was represented by attorney Terrence Bloomquist at the administrative level and that Mr. Bloomquist was successful in obtaining benefits for Plaintiff upon remand. (Docket no. 35 ¶ 1.) As a result, Plaintiff was awarded past-due benefits, of which $10,174.23 was withheld from Plaintiff by the Social Security Administration for attorney fees. (*Id*. ¶ 2; docket no. 35-1 at 3.) Mr. Bloomquist's petition for attorney fees for the full amount withheld from Plaintiff's past-due benefits was pending when Mr. Rinck filed the instant motion. (*Id*. ¶ 2.) Mr. Rinck asks that, in the case that Mr. Bloomquist's petition is not granted in full, the Court grant him any remaining funds. (*Id*. ¶ 4.) Mr. Rinck would also like to receive twenty-five percent of any child benefits that Plaintiff may receive for her one dependent child; however, an award sheet had not yet been issued for the child's benefits at the time Mr. Rinck filed his Motion. (*Id*. ¶¶ 3-4.) Defendant does not support or oppose Plaintiff's Motion. (Docket no. 36.)

On July 27, 2015, Mr. Rinck filed a supplemental pleading to inform the Court that Mr. Bloomquist had been awarded a fee of $9,990.00 in this case. (Docket no. 40 ¶ 1.) Thus, of the $10,174.23 of Plaintiff's past-due benefits withheld for attorney fees, $184.23 remains. (*Id*.) Mr. Rinck now seeks the $184.23 of the remaining § 406(b) funds and the opportunity to petition for additional funds under § 406(b) if they become available through the award of child's benefits. (*Id*. ¶¶ 2-3.) Defendant has not responded to Mr. Rinck's supplemental pleading, and Mr. Rinck's request is not unreasonable. Accordingly, it is recommended that Mr. Rinck's

Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b) be granted and that Mr. Rinck be awarded $184.23 in attorney fees with the opportunity to petition for additional fees if such funds become available.

## III.   CONCLUSION

For the reasons stated herein, Plaintiff's Application for AttorneyS Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (docket no. 28) should be DENIED, Plaintiff's counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b) (docket no. 35) should be GRANTED, and Mr. Rinck should be awarded $184.23 in attorney fees pursuant to 42 U.S.C. § 406(b) with the opportunity to petition for additional § 406(b) funds should they become available.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

12

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: September 01, 2015          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: September 01, 2015          s/ Lisa C. Bartlett_____
                                   Case Manager