# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHELLE FOWLER,

        Plaintiff,                      Case Number 12-15286
                                                   Hon.  Denise Page Hood

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## TO DENY PETITION FOR FEES UNDER THE EQUAL ACCESS
## TO JUSTICE ACT AND TO GRANT THE MOTION FOR
## AWARD OF FEES UNDER 42 U.S.C. § 406(b)

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. No. 41) on Plaintiff Michelle Fowler's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. No. 28) and Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 35). Plaintiff timely filed Objections to the Report and Recommendation as to the Magistrate Judge's recommendation to deny fees under the EAJA. Plaintiff does not object to the fees awarded under 42 U.S.C. § 406(b).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion. In her Objections, Plaintiff argues

1

that the Magistrate Judge erred in concluding that the Commissioner's defense of the Administrative Law Judge's ("ALJ's") decision to deny benefits was "substantially justified."   In this case, the Court agreed that the matter should be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  The Court remanded the matter because the ALJ failed to consider the opinion of Plaintiff's treating physician, Dr. Paul LaClair, as to Plaintiff's need to be absent from work. Although the Court agreed with the ALJ that Dr. LaClair's opinion as to Plaintiff's residual functional capacity was not entitled to any particular weight since that issue is for the ALJ to decide, the Court found that Dr. LaClair's finding that Plaintiff would miss work during episodic flare-ups was an important factor to consider when giving hypotheticals to the vocational expert.  The Court remanded the matter to address this issue in the ALJ's final analysis.  (Order, Doc. No. 26, Pg ID 897-98)

The EAJA provides that "a court shall award to a prevailing party" in a civil action against the United States "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."   28 U.S.C. § 2412(d)(1)(A); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014).  A plaintiff who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).  The

2

government bears the burden of showing that its position was "substantially justified." *Scarbarough v. Principi*, 541 U.S. 401, 416 (2004).  The government's position is substantially justified if it is "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person" or has "a reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).  The government's position in defending the ALJ's decision might be "substantially justified" despite remand, where remand was based on the ALJ's "failure to explain his findings adequately" and not on the weight he found appropriate for various medical opinions." *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, 727 (6th Cir. 2014).

The Court agrees with the Magistrate Judge that the Commissioner's position was "substantially justified."  The Magistrate Judge carefully reviewed the papers submitted by the parties and the Magistrate Judge's Report and Recommendation recommending remand in this matter.  In arguing against remand, the Commissioner asserted that there was no error by the ALJ because the ALJ sufficiently articulated his consideration of Dr. LaClair's statement on Plaintiff's need to be off work due to flare-ups.  (Doc. No. 22, Pg ID 878-79) The Commissioner cited to the record regarding Dr. LaClair's statement on Plaintiff's need to be off work.  (Doc. No. 22, Pg ID 879) The Commissioner also argued that Dr. LaClair's repeated statements that Plaintiff could not work at all, the statement about the flare-ups was a mere

restatement of the doctor's opinion that Plaintiff could not work at all. Such a determination is reserved to the Commissioner and is supported by law. *See* 20 C.F.R. § 404.1527(d)(1). The Commissioner has met her burden to prove that her position was substantially justified based on the facts and on the law.

As to the fees requested under 42 U.S.C. § 406(b), Plaintiff does not object to the Magistrate Judge's findings and recommendation on this issue. Plaintiff was awarded fees of $9,990.00, and that $10,174.23 was withheld from Plaintiff's past-due benefits for payment as attorney fees. Plaintiff's counsel seeks $184.23 of the remaining funds. The Court agrees with the Magistrate Judge that Plaintiff's counsel be awarded $184.23 in attorney fees pursuant to 42 U.S.C. § 406(b), with the opportunity to petition for additional funds should they become available.

Accordingly,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 41)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 **(Doc. No. 28)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Petition for Attorney Fees pursuant to 42 U.S.C. § 406(b) **(Doc. No. 35)** is GRANTED. Plaintiff's counsel be awarded $184.23 in attorney fees pursuant to 42 U.S.C. § 406(b), with the opportunity

to petition for additional funds should they become available.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  February 9, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5